NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-3142
_____

Genaro Jimenez Martinez,

Petitioner

v.

Attorney General of the United States of America,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No.:  A-205-155-009)
Immigration Judge:  Honorable Kuyomars Q. Golparvar

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on July 2, 2019

(Opinion filed: September 11, 2019)

Before:  McKEE, PORTER and RENDELL, Circuit Judges

_____

O P I N I O N*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, *Circuit Judge*.

Genaro Jimenez-Martinez petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of his applications for relief from removal. We will deny in part and dismiss in part his petition for review.

I

Martinez is a native of Mexico who entered the United States illegally in 2000. Prior to his entry into the United States, Martinez served as a police officer in Mexico. He alleges that he was kidnapped by members of a drug cartel and tortured because of his work as a law enforcement officer. Shortly after being released from captivity, Martinez fled to the United States.

In 2017, Martinez was convicted by guilty plea in federal court of possessing a firearm and ammunition while being an illegal alien. *See* 18 U.S.C. § 922(g)(5)(A). Martinez admitted to using a counterfeit Social Security card to purchase the firearms and ammunition. He was sentenced to a term of eighteen months' imprisonment. The Department of Homeland Security ("DHS") initiated removal proceedings against him upon his release. The Notice of Removal charged him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) as an illegal alien convicted of an aggravated felony. DHS subsequently issued a Final Administrative Removal Order finding that Martinez was removable as an alien convicted of an aggravated felony and was not eligible for any discretionary relief. *See* 8 U.S.C. § 1228(b)(5) ("No alien described in this section [aliens

2

convicted of aggravated felonies] shall be eligible for any relief from removal that the Attorney General may grant in the Attorney General's discretion.").

Martinez did not challenge that he was subject to removal for his conviction of an aggravated felony. Instead, he petitioned for withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention against Torture ("CAT") and deferral of removal under the CAT. An asylum officer determined that he had demonstrated a reasonable fear of torture, and he was referred to an IJ for proceedings to determine his eligibility for withholding or deferral of removal. The government argued that Martinez was ineligible for withholding of removal under the INA and CAT because his conviction of an aggravated felony constituted a "particularly serious crime." *See* 8 U.S.C. § 1231(b)(3)(B)(ii). Martinez argued that, if he returned to Mexico, he risked persecution or torture as a former law enforcement officer who had been kidnapped and tortured.

The IJ ruled that Martinez's conviction constituted a particularly serious crime, thus barring him from relief under the INA and CAT. In the alternative, the IJ held that his claim would be denied even in the absence of Martinez's conviction, as he did not show a likelihood that he would be persecuted if he returned. The IJ also rejected his claim for deferral of removal under the CAT. The BIA affirmed the IJ's decision on whether Martinez's conviction was a particularly serious crime and declined to reach the alternative holding. It also affirmed the IJ's denial of Martinez's motion for deferral of removal under CAT. Martinez then filed this timely petition for review.

3

## II

Before addressing the merits of Martinez's petition, we must first determine whether we have jurisdiction to review it.[1]  We generally have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1).  The government argues, however, that our jurisdiction to review Martinez's petition is barred by 8 U.S.C. § 1252(a)(2)(C).  This provision bars our jurisdiction "to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in . . . [8 U.S.C. §] 1227(a)(2)(A)(iii)."  8 U.S.C. § 1252(a)(2)(C).  Martinez does not dispute that he has committed one of the requisite offenses.  But that jurisdictional bar shall not "be construed as precluding review of constitutional claims or questions of law."  8 U.S.C. § 1252(a)(2)(D).  Thus, we must review each of Martinez's three claims to determine which ones are reviewable.

*First*, he urges that the BIA mischaracterized his firearm conviction as a particularly serious crime under 8 U.S.C. § 1231(b)(3)(B)(ii).  This is a legal claim for which we retain jurisdiction.  *See, e.g.*, *Bastardo-Vale v. Att'y Gen.*, 2019 WL 3772097, at *3, n.2 (3d Cir. Aug. 12, 2019) (reviewing the BIA's "particularly serious crime" determination).

*Second*, he urges that the BIA should have reviewed the IJ's alternative holding regarding its denial of withholding of removal.  This is not a legal or constitutional claim, and thus we lack jurisdiction to hear it.  But even if we had jurisdiction to hear this claim,

---

[1] The BIA exercised jurisdiction pursuant to 8 C.F.R. § 1208.31(g)(2)(ii).

it clearly lacks merit. The BIA is not required to review alternative holdings made by an IJ. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

*Third*, he urges that the BIA misinterpreted the "acquiescence" requirement under CAT when denying his motion for deferral of removal. For a deferral of removal to be granted, Martinez must show that (1) it is more likely than not that he would be tortured upon returning to Mexico (2) "with the consent or acquiescence of a public official." *See* 8 C.F.R. § 208.18(a)(1). Martinez urges that the BIA misinterpreted the "acquiescence" requirement when evaluating whether he was eligible for deferral of removal. While Martinez frames this claim as one of legal error, his argument focuses on how the BIA weighed various factual considerations. He argues that that the BIA should have given more weight to his previous torture in Mexico and his allegations that police were complicit in that torture. Because factual disputes, such as this, are barred by § 1252(a)(2)(c), we lack jurisdiction over this claim.

### III

We turn now to the claim over which we have jurisdiction, and we will review the agency's rulings *de novo*. *Denis v. Att'y Gen.*, 633 F.3d 201, 205–06 (3d Cir. 2011). An alien is ineligible for withholding of removal under the INA and the CAT if, "having been convicted by a final judgment of a particularly serious crime [he] is a danger to the community of the United States." 8 U.S.C. § 1231(b)(3)(B)(ii). We have held that "[t]he

5

phrase 'particularly serious crime' means the same thing in both [the INA and the CAT]." *Bastardo-Vale*, 2019 WL 3772097, at *1. Some offenses are *per se* "particularly serious," and the Attorney General may designate others as such through regulation. *Id.* at *5. But "the Attorney General [also] retains the authority, through a case-by-case evaluation of the facts surrounding an individual alien's specific offense, to deem that alien to have committed a particularly serious crime." *Id.*

Here, the IJ conducted a case-by-case evaluation of Martinez's offense. Under this approach, an IJ "will first decide whether the elements of an offense 'potentially bring the offense within the ambit of a particularly serious crime.'" *See Denis*, 633 F.3d at 215–16 (quoting *In re N–A–M–*, 24 I. & N. Dec. 336, 342 (BIA 2007)). If they do, then the IJ may consider "all reliable information . . . in making a particularly serious crime determination . . . ." *Id.* at 215 (quoting *N–A–M–*, 24 I. & N. Dec. at 342). Such reliable information may include "the nature of the conviction, the circumstances of the underlying facts of the conviction, [and] the type of sentence imposed." *Id.* (quoting *Lapaix v. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010)).

The IJ correctly cited and applied this standard. It held that the elements of the offense—possession of "very dangerous firearms"—put the offense within the realm of particularly serious offense. A.R. 85. Moving on to the particular facts of Martinez's conviction, the IJ found that several factors warranted a finding of a particularly serious offense: Martinez's purchase of "numerous firearms" on "various dates," A.R. 85; his possession, at the time of his arrest, of "very, very significant amounts of ammunition,"

6

A.R. 85; the deceptive way in which he purchased the firearms—by using a "counterfeit" Social Security card, A.R. 84; and the ability for him "to commit destructive acts" with these guns and ammunition, even though that did not occur, A.R. 85. The BIA reviewed these findings and affirmed the IJ's ruling.

Martinez claims that Congress did not intend for strict liability offenses, such as the one he was convicted of, to be classified as particularly serious crimes. But he has not provided any authority to support this assertion. We find no other legal error in the IJ or BIA opinions. We agree with the IJ and BIA that using a forged Social Security card to purchased multiple firearms and large quantities of ammunition constitutes a particularly serious offense.

## IV

For these reasons, we will deny in part and dismiss in part Martinez's petition for review.